OGDEN CITY, Appellant v. WM. W. CROSSMAN AND ROCKY MOUNTAIN BELL TELE-PHONE CO., Respondents.

1. *Constitutional Law—Appeal From—Justice's Court—Rule.*

Under sec. 9, art. 8, of the constitution, an appeal may be had to the supreme court in all cases originating in justices' courts in which the validity or constitutionality of a statute or ordinance is drawn in question, made an issue, and decided by the district court on appeal. In all other ·cases transferred to the district court from courts of justices of the peace, the final judgments of the district courts are ·conclusive. *Eureka City v. Wilson*, 48 Pac. 41, 15 Utah, 55, affirmed.

2. *Inter-state Commerce—License by Municipal Corporation—Telephone Instruments—Taxation.*

Under section 89, p. 631, 1 Comp. Laws 1888, section 289, p. 331, Id., and sections 5 and 12, art. 13, Const., Ogden City, is authorized to pass an ordinance for the purpose of raising revenue, by levying and collecting a license fee of five dollars for each telephone instrument operated and maintained by the defendant, and used exclusively within the limits of the city, for which a rental charge is made, for local business; but such power does not extend to authorizing the city to license or tax interstate business of the defendant.

3. *Taxing Power—Business.*

A business done wholly within a city is within the taxing power of the city.

4. *Excessive License—Discretion of City Council—Evidence of Unreasonableness—Motions of Council.*

It is not competent to prove the unreasonableness of an ordinance by the conclusions of witnesses. The regulation by ordinance was left to the discretion of the city council, and there is every presumption that the council were actuated by honest motives, were familiar with the mischief to be remedied, and the needs of the city, as to be the best judges of the necessities for the enactment of the ordinance, and the extent to which it was necessary to exercise the power granted. In such cases the council, and not the court, is the proper repos-

itory of the public trust; and it should be a plain case to justify the court in interfering with the determination, or questioning the motives of the city council in enacting the ordinance. Under such circumstances, the court ought not to interfere on the ground that the ordinance was unreasonable, but is restricted to the constitutionality of the act granting the power.

5. *Statutory and Constitutional Authority—Excessive Taxation.*

While the delegated power of a municipality, under Const. art. 13, § 3, to provide by law a uniform and equal rate of assessment and taxation of all property in the state according to its value in money, had reference to an ad valorem, or direct tax upon property, and does not apply to licenses imposed upon privileges, business, and occupation, yet the power to impose such license or taxation on business, within the limits of the city, is clearly granted by other provisions of the constitution and statute referred to; and under such provisions the municipality is not limited to the mere expense of the regulation, but may impose a reasonable license tax for the purpose of obtaining revenue necessary to meet the general expenses of the municipality; but such tax should not be in excess of the needs of the city, nor one so excessive as to prohibit or destroy the business upon which it is imposed.

6. *Penalty—Fine and Imprisonment.*

As this is not a proceeding to collect a license, but instituted to enforce a penalty for its violation, it may be enforced by fine or imprisonment, under the ordinance.

(No. 943. Decided June 29, 1898.)

Appeal from the third district court, Weber county; H. H. Rolapp, *Judge.*

William W. Crossman and the Rocky Mountain Bell Telephone Company were found guilty of violating an ordinance of Ogden City. On appeal to the district court, judgment was rendered for defendants, and the city appeals. *Reversed,* with directions.

*H. H. Henderson,* for appellant.

*Williams, Van Cott & Sutherland,* for respondents.

But, even if the ordinance in question cannot be regarded as an interference with interstate commerce, it is still void for the reason that the defendant company is engaged in interstate business, has accepted the provisions of the act of 1866, and the amount of the license is in excess of the reasonable expense necessary for inspection and regulation. *City of Philadelphia* v. *Western Union Telegraph Co.*, 40 Fed. Rep. 617; *Philadelphia* v. *Western Union Telegraph Co.*, 82 Fed. Rep. 797.

The license exacted is for revenue purposes, and is for revenue purposes only. It was not imposed in the exercise of the police power of the city. The telephone company had already paid its full proportion of taxes. It could not be compelled to pay an additional tax upon its property under the guise of a license. To do so would be to violate the provisions of the constitution of this state with reference to uniformity of taxation. *Peay* v. *Little Rock*, 32 Ark. 31; *Chicago* v. *Larnard*, 34 Ill. 203, 277; *McBeer* v. *Chandler* (Tenn.), 24 Am. Rep. 308; *Wilson* v. *Chilcott*, 21 Pac. Rep. 901.

When the constitution in section 12 uses the word "licenses," it should be construed in the ordinary sense. The power to license is usually a police power. Whenever fees or exactions are imposed for the sole or main purpose of revenue they are in effect taxes. 2 Dill. Mun. Corp. sec. 768; *Commissioners* v. *Dunn*, 40 Pac. Rep. 357.

It seems to us clear that none of the provisions authorize the ordinance in question. The general rule is that a license tax cannot be imposed unless *expressly* authorized. 13 Am. and Eng. Ency. of Law 529; Horr & Bemis Municipal Ordinances, sec. 256; 2 Beach Pub. Corp. sec. 1388, sec. 1252; 1 Beach, sec. 600; Horr & Bemis Municipal Ordinances, sec. 27; 2 Dill. Mun. Corp. (3d Ed.), sec. 764; *Barling* v. *West*, 9 Am. Rep. 576; 34 Am. Dec. 638, note.

Lastly, the ordinance is void because it attempts to punish by fine and imprisonment the failure to pay a purely revenue tax. Cooley on Taxation 437; *St. Louis* v. *Green,* 7 Mo. App. 468; *State* v. *Green* (Neb.), 42 N. W. Rep. 913, 73 Pa. St. 453; *State* v. *Bright,* 58 Am Rep. 155; *Ins. Co.* v. *Minden,* 71 N. W. Rep. 995.

MINER, J.:

In June, 1897, defendants were arrested on a warrant issued upon complaint of the city authorities of Ogden City, charging them with a violation of the provisions of the city ordinance requiring a license of $5 per annum for each instrument, to be paid by every person or corporation who operated and maintained any telephone instrument in Ogden City for which a rental charge is made, and provided for a punishment by fine not exceeding $100, or imprisonment for 100 days, for a violation thereof. Upon trial before a justice of the peace, in July, 1897, the defendants were found guilty, and fined $2 each; and in December, 1897, the defendants appealed to the district court. Upon trial before that court, a jury being waived, the court found the defendants not guilty, on the ground that the information did not state facts sufficient to constitute a public offense, and that the ordinance upon which the complaint was filed was void and unconstitutional. Thereupon Ogden City appealed to this court from such judgment.

The respondents now move to dismiss the appeal, upon the grounds (1) that this court has no jurisdiction in the case, or to entertain the appeal on the part of Ogden City from a verdict of not guilty; (2) that no appeal will lie from a verdict of not guilty, rendered by a court or jury, for a violation of a city ordinance. The proper disposition of this motion, and the decision of the court holding the ordi-

nance void, necessarily involve the question arising under section 9 of article 8 of the constitution, that "appeals shall also lie from final judgments of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute." In this case the district court found the defendants not guilty, because the ordinance under which the complaint was filed was void and unconstitutional. In the case of *Eureka City* v. *Wilson*, 15 Utah 53, where a similar question was presented, this court held that the effect of this exception in the constitution was to allow an appeal to the supreme court in all cases originating in justices' courts in which the validity or constitutionality of a statute or ordinance is drawn in question, made an issue, and decided by the district court on appeal; that in all other cases brought before justices of the peace, and transferred to the district court by appeal, the final judgments of those courts were conclusive; that, when it appears the constitutionality of a statute was raised in and decided by the district court, then the supreme court has jurisdiction, and must examine the judgment to determine whether or not the statutory question was correctly decided, and, if it was, to affirm the judgment; that if the statutory question was erroneously decided, then this court must further inquire if there was any other matter in issue not affected by the statutory question decided, which was sufficient to sustain the judgment, and, if that was the case, then the judgment should be affirmed, without determining whether the adjudication of such matter or issue was correct; that if it was found that the statutory question was of such force as to render a correct decision thereof neces-

sary to a final adjudication, or that there has been no decision of any other matter or issue not affecting the statutory question, sufficient to sustain the judgment, then this court will reverse the judgment therein, or direct a proper judgment to be rendered, etc. *Murdock* v. *City of Memphis*, 20 Wall. 590. Guided by this rule, we must retain jurisdiction of this case, and determine whether the decision of the trial court, in adjudging the ordinance unconstitutional, was erroneous.

The ordinance in question, so far as it is material, provides: (1) It shall be unlawful for any person or corporation to operate and maintain in Ogden City any telephone instrument, for which a rental or charge is made, without first obtaining a license for each telephone instrument so operated and maintained. (2) Every person or corporation who shall operate and maintain in Ogden City any telephone instrument in section 1 of this ordinance shall pay to Ogden City for each telephone instrument an annual license of $5. Section 4 provides that all applications for license under this ordinance shall be made in writing to the city recorder, and any person or corporation violating any of the provisions of this ordinance shall be punished by a fine not exceeding $100 or imprisonment for 100 days. Comp. Laws Utah 1888, p. 331, § 289, authorizes the city council to license, tax, and regulate bankers, agents, expressmen, express companies, telegraphers, photographers, assayers, smelters, crushers, and other like occupations or pursuits. By Id. p. 631, § 89, the legislature has authorized city councils to raise revenue by levying and collecting a license fee or tax on any private corporation or business within the limits of the city, and regulate the same by ordinance. All such license fees and taxes shall be uniform in respect to the class upon which they are imposed. By section 2 of article 13 of the con-

stitution of this state it is provided that all property in the state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. Section 3 of the same article provides that the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money. Section 5 of the same article provides that the legislature shall not impose taxes for the purpose of county, city, town, or other municipal corporation, but may, by law, vest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation. Section 12 of the same article provides that nothing in this constitution shall be construed to prevent the legislature from providing a stamp tax, or tax based on income, occupation, licenses, franchises, or mortgages.

Upon the trial of this case, it was admitted that the defendant the Rocky Mountain Bell Telephone Company was a private corporation, organized under the laws of Utah, with its principal office in Salt Lake City, and with an office in Ogden City; that one Ash had a telephone instrument in his store in Ogden, and that it was placed therein by the defendant corporation; and that, when it is taken out, it will be taken out at the expense of the defendant corporation; that said Ash pays to the company a rental of five dollars per month for the use of such instrument, and that for such payment he has the privilege of using said instrument in talking with persons in Ogden City, but in no other place; that the license fee for the use of said instrument had not been paid by the defendant, or any other person, and no license had been issued for maintaining or operating said instrument; that the defendant Crossman is the agent and managing officer of defend-

ant company in Ogden City, Utah. Defendant also offered in evidence, under objection, that said corporation had in July, 1893, filed its acceptance of the provisions of the act of congress of July 24, 1866, being sections 5263 and 5268 of the Revised Statutes of the United States; that said corporation had been assessed and had paid its property tax on its property for the year 1897, for city, county, state, and school purposes, which included the general tax on the instruments and personal property; that said telephone instrument has connection by wire of the company with wires run to various parts of the city, in the state of Utah and in Idaho; that said Ash, by paying certain tolls, differing in amount for various distances, had the privilege of talking over the wires with persons in Idaho, either by private or at a public telephone station; that said telephone was connected by wire with the Western Union Telegraph Company in Ogden, and messages may be transmitted to said telegraph company to be sent to other states and cities and counties in this state; that said instrument was partly owned by the defendant company, and partly by the Bell Telephone Company, for which the defendant company pays a rental of $7 per year; that the defendant corporation receives an income from rentals and tolls charged for connections outside of Ogden, and the net income, after paying expenses in 1897, was $3,000; that there were 175 instruments in operation in Ogden City, and that each instrument was worth $9; that the actual cost of writing and issuing a license under the ordinance would be 5 cents; that the city was at no expense in the inspection or supervision of the instruments; that the defendant corporation has poles set and wires strung for such instruments through the streets of Ogden City.

1. The first question presented in this record is, was the ordinance unconstitutional, and an interference with the

interestate commerce law? If the ordinance requiring the payment of the license applies to the defendant's interstate business, it would be void, as an attempted interference with or regulation of interstate commerce. By the enactment of section 289, p. 331, Comp. Laws Utah 1888, the legislature conferred upon Ogden City the power to license, tax, and regulate telephone companies, and other like occupations or business. By the enactment of section 89, p. 631, Comp. Laws Utah 1888, Ogden City was authorized to raise revenue by levying and collecting a license fee or tax upon any private corporation or business within the limits of the city, and regulate the same by ordinance, if such ordinance was within the power delegated, and not in conflict with the constitution and laws of the United States. By section 5, art. 13, of the constitution, the legislature was authorized to vest in municipalities the power to assess and collect taxes for all purposes of such corporation; and by section 12 the legislature was relieved from any provision in the constitution by which it was restricted from providing that a tax based on incomes, licenses, franchises, or mortgages might be levied by municipalities under its authority. The power authorized municipalities to collect taxes for all purposes of such corporation, and necessarily included revenue purposes as well as police purposes. By enacting sections 89 and 289, the legislature was acting within the direct power conferred upon it by the constitution, authorizing it to grant to municipalities a right to license, tax, and regulate telegraph companies, and other like occupations or pursuits, and to raise revenues by levying and collecting a license fee or tax on any private corporation or business, and regulate the same by ordinance. By virtue of this general power, the city was authorized to pass an ordinance for the purpose of raising revenue by levying and

collecting a license fee of five dollars for each telephone instrument operated and maintained by the defendant corporation exclusively within the limits of the city, for which a rental charge was made for local business; but such power did not extend so as to empower said city to provide by ordinance for licensing or taxing the interstate business of such corporation; and such was not the evident intention of the framers of the ordinance.

It appears from the agreed statement of facts that the said corporation operated and maintained said instrument in the store of Mr. Ash, for which he paid the company five dollars per month; that this payment gave Ash the privilege of talking with persons in different parts of the city, and for no other place; that, if Mr. Ash used the instrument in talking with parties out of the state, he paid the usual stipulated sum charged therefor, outside of the rental price paid for the instrument. It is evident the defendant corporation operated and maintained such instrument in Ogden City for a stipulated monthly rental, for business of a local character, which was confined strictly within the city limits. For interstate business it made another and distinct charge, independent of the local rental business charge of five dollars per month. Lessors of such instruments had no right to use them outside of the city, unless they paid certain extra charges therefor, to which all others were subject. It is evident that the ordinance was not intended to, and does not, apply to or affect in any manner the business of the defendant corporation which is interstate in its character, and that such ordinance was intended to, and does, apply to and affect only the local business of said defendant company done within Ogden City, as shown from the rental of the instrument for use in Ogden City alone. By engaging in a business of operating and maintaining such telephones in Ogden

City, and making and receiving a rental charge for the use of the instruments therein, and for no other place, it became amenable to the ordinance. A business done wholly within a city is within the taxing power of the city. The defendant corporation is not exempt from the operation of the ordinance and the payment of a license upon its instruments or business which arises and is conducted wholly within Ogden City, even though at the same time the defendant corporation may do business or use its instruments in Ogden City for business which is in part interstate in its character. We are of the opinion that the ordinance does not affect or apply to this latter class of business which is interstate in its character. *Osborne v. State of Florida*, 164 U. S. 650, 17 Sup. Ct. 214; *Postal Tel. Cable Co.* v. *City of Charleston*, 153 U. S. 692, 14 Sup. Ct. 1094; *City of Anniston* v. *Southern R. Co.* (Ala.) 20 South. 915; *Harrow Co.* v. *Shaffer*, 68 Fed. 750.

2. It is also claimed by the respondent that the amount of the license is excessive and unreasonable; that it is imposed for revenue purposes only, and not within the exercise of police power; that, having paid its proportion of the general tax, it cannot be compelled to pay an additional tax under the guise of a license. We have seen that sections 89 and 289, Comp. Laws Utah 1888, authorize cities to levy and collect license fees or taxes on private and corporate business within the limits of the cities, and to regulate the same by ordinance, and to license, tax, and regulate telegraph and other like occupations or pursuits, and that such acts were authorized by the constitution. It is apparent that the ordinance in queston was passed by virtue of the express power and authority of the statute as authorized by the constitution. Under such circumstances, it was not competent to prove the unreasonableness of the ordinance by virtue of the conclusion of wit-

nesses. The regulation of the matter was left by law to the discretion of the city council, and not to the defendants. By granting the power, the legislature imposed upon the city council the discretion to determine just how far they could go within the limits imposed, and there is every presumption that the council were actuated by pure motives, and that they were so familiar with the mischief sought to be guarded against, and the needs of the city, as to be the best judges of the necessities for the enactment of the ordinance, and the extent to which it was advisable and necessary to exercise the power granted. In such cases the council, and not the court, is the proper repository of this public trust; and it should be a plain case to justify the court in interfering with the determination of the council, or questioning their motives in enacting the ordinance. Under the circumstances, the court ought not to interfere upon the ground that the ordinance was unreasonable, but is restricted to the constitutionality of the act granting the power. The ordinance itself proves the exigency which existed which required its enactment. Horr & B. Mun. Ord. §§ 127, 128; *Mayor, etc., of New York* v. *Dry-Dock E. B. & B. R. Co.* (Com. Pl.) 15 N. Y. Supp. 297; *In re Chipchase* (Kan. Sup.) 43 Pac. 264; 17 Am. & Eng. Enc. Law, 247; *Denver City Ry. Co.* v. *City of Denver* (Colo. Sup.) 41 Pac. 826.

3. Sections 2 and 3 of article 13 of the constitution were controlled and limited by sections 5 and 12, above quoted, in so far as the power is granted to the legislature to empower municipalities to assess and collect taxes for all the purposes of such corporation, and in providing for a tax upon income, occupation, licenses, franchises, or mortgages. Under the power, the legislature could properly grant muncipalities the rights conferred by sections 89 and 287, above referred to. Under the constitution, taxa-

tion is clearly a legislative prerogative, and may be conferred upon a municipality to such an extent and for such purposes as may be deemed expedient, so long as the limits and restrictions of the organic law are observed. When the legislature delegated the power to the municipality under section 3; "to provide by law a uniform and equal rate of assessment and taxation of all property in the state according to its value in money," it had reference to the levy of an ad valorem or direct tax upon property, and does not apply to licenses imposed upon privileges, business, and occupations. Sedg. St. & Const. Law (2d Ed.) 504-507; Burroughs, Tax'n, § 54; *Denver City Ry. Co.* v. *City of Denver* (Colo. Sup.) 41 Pac. 826. The license tax referred to in this case, of five dollars per annum on each telephone instrument operated and maintained by the defendant corporation in Ogden City for which a rental charge was made, is not a property tax, but comes under the head of a business license; and, although not alone for police purposes, it is a license to do a business which it would be unlawful to do without complying with the terms of the ordinance. Under the circumstances, where, by the constitution and statute, express authority is given to raise revenue by levying and collecting a license fee or tax upon any private corporation or business within the limits of the city, and regulate the same by ordinance, it is held that the municipality is not limited to the mere expense of the regulation, but that it may impose a reasonable license tax for the purpose of obtaining revenue necessary to meet the general expenses of such municipality. But the state could not, under such circumstances, impose a license tax beyond the necessities of the city, nor one so excessive as to prohibit or destroy the occupation or business upon which it is imposed. In our opinion, the enactment of the ordinance under consideration

was a legitimate exercise of the powers granted by the constitution and the statute, and the charge for the license tax therein provided for may be enforced. In *re Chipchase* (Kan. Sup.) 43 Pac. 264; *Denver City Ry. Co.* v. *Denver City* (Colo. Sup.) 41 Pac. 826; *City of Newton* v. *Atchison,* 31 Kan. 151, 1 Pac. 288; *Ex parte Robison,* 12 Nev. 263; *Wolcott* v. *People,* 17 Mich. 68; 1 Desty, Tax'n, § 36; *City of San Jose* v. *San Jose & S. C. R. Co.,* 53 Cal. 475; *Ex parte Mirande,* 73 Cal. 365; *Marment* v. *State,* 45 Ohio St. 63; *American Union Express Co.* v. *City of St. Joseph,* 66 Mo. 675; Cooley, Tax'n, 572-584; 1 Dill. Mun. Corp. (4th Ed.) 357.

4. It is also insisted that the ordinance is void because it attempts to punish by fine and imprisonment the failure to pay a purely revenue tax. 1 Comp. Laws Utah 1888, p. 631, § 90, confers express power upon a municipality to pass all ordinances, rules, and make all regulations necessary for carrying into effect all powers and duties conferred by that act, and to enforce an obedience to such ordinance, with such fines or penalties as the city council may deem proper, provided the fine or penalty shall be less than $300, and the imprisonment shall not exceed six months for each offense. The ordinance provides for a fine not exceeding $100, or imprisonment for 100 days. We cannot sustain the objection made. The ordinance was enacted in accordance with the statute. This is not a proceeding to collect a license, but a proceeding instituted to enforce a penalty for its violation on the part of the defendant corporation. Such ordinances, imposing a penalty by fine or imprisonment, when authorized by the organic law, have been almost universally upheld when brought to the attention of the courts. *Denver City Ry. Co.* v. *City of Denver* (Kan. Sup.), 41 Pac. 826; *City of St. Louis* v. *Sternberg,* 69 Mo. 289; *City of Cincinnati* v. *Buck-*

*ingham,* 10 Ohio, 257; Vandine, Petitioner, 6 Pick. 187; *Chilvers* v. *People,* 11 Mich. 43; *Shelton* v. *Mayor,* 30 Ala. 542; 1 Dill. Mun. Corp. § 339; *Marmet* v. *State,* 45 Ohio St. 63, 12 N. E. 463; *City of St. Louis* v. *Vert,* 84 Mo. 204; 17 Am. & Eng. Enc. Law, p. 257; Cooley, Tax'n, 437.

We are of the opinion that the court erred in finding the defendants not guilty, and in dismissing the complaint on the ground that the ordinance, under which the complaint was drawn, was unconstitutional and void, and that the complaint does not state facts sufficient to constitute a public offense. Inasmuch as the defendants have been tried and acquitted upon the charge, the case is remanded, with instructions to the trial court to reverse and set aside the order and judgment, but to discharge the defendants from custody.

ZANE, C. J., and BARTCH, J., concur.