# W. S. POST, PLAINTIFF *v.* GEORGIA FOOTE, ET AL. RESPONDENTS, P. W. MADSEN AND THOMAS W. JENNINGS, APPELLANTS.

APPEAL FROM JUSTICE OF THE PEACE—PURCHASER AT EXECUTION SALE.

*Appeal from Justice of the Peace.*

The supreme court has no jurisdiction over an appeal from an order of a district court vacating and setting aside a sale made upon an execution issued by the district court on a judgment rendered therein on appeal from a judgment of a justice of the peace, under Secs. 8 and 9 of Art. 8, Const., except in cases involving the validity or constitutionality of a statute.

*Purchaser at Execution Sale.*

A purchaser at an execution sale being the owner of the judgment by assignment, subjects himself to the jurisdiction and authority of the court with respect to the sale and purchase, and the court may set aside the sale.

(Decided November 7, 1898.)

Appeal from the District Court Salt Lake County, Hon. A. N. Cherry, *Judge.*

Appellants were purchasers at an execution sale of certain personal property. A motion to set aside the sale was served upon appellants, and after hearing, an order was entered by the District Court setting aside the sale. From that order appellants appeal. *Appeal dismissed.*

*Messrs. Moyle, Zane & Costigan,* for appellants.

It may be suggested that no appeal lies from the order made in the lower court: First, because that order was discretionary with the lower court. Second, because the case in the lower court was an appeal from the justice's court.

On the first point we think that in the case of an execution sale under a statute like ours, there ought to be no question as to a right of appeal. Our statute in the case of personal property makes the sheriff's sale absolute, and he gives a certificate granting to the purchaser all the interest of the execution debtor in the property. Under that certificate of sale the purchaser acquires a right of property. If the sale is set aside the purchaser is deprived of all interest in the property and the judgment or order setting aside the sale is clearly final as to the purchaser. Therefore if the purchaser has not the right of appeal he is wholly without remedy by appeal. He is not a party to the action and cannot have his rights determined by an appeal from the judgment.

The confusion that has arisen upon this question results from not keeping in view the difference between an execution sale and a judicial sale. The difference between the two is clearly pointed out in 2 Freeman on Executions, Sec. 311; *Insurance Company v. Building Company,* 71 N. W., 279.

*C. S. Varian, Esq., E. B. Critchlow, Esq.,* and *W. R. Hutchinson, Esq.,* for respondents.

This appeal should be dismissed for the reason that the court has no jurisdiction. This is an appeal from an order made by the District Court affecting and setting aside the sale upon execution. It is an order made by the court within its discretionary power under sec. 3005 of the Revised Statutes of Utah. If not within the letter of this provision it is within the spirit of it, and is not in any sense a final judgment upon which an appeal may be taken. *Dennerlien* v. *Dennerlien,* 111 N. Y. 518; *Hale* v. *Clausen,* 60 N. Y. 339.

"An application for relief against a judicial sale is addressed to the discretion of the court of the original jurisdiction, and no appeal lies to this court from an order made in the exercise of such discretion." *Hale* v. *Clausen,* supra, *Enderwood* v. *Green,* 56 N. Y. 247.

This court has no jurisdiction upon this appeal. The constitution defines the appellate jurisdiction of the district courts and of this court. District courts have original jurisdiction in all matters not excepted in the constitution. Constitution, Art. 8, Sec. 6.

This court is given appellate jurisdiction upon all appeals from final judgments of district courts. Art. 8, Sec. 9.

District courts have appellate jurisdiction upon all appeals from final judgments of justices of the peace and their decisions on such appeals are expressly made final except in cases involving the validity or constitutionality of the statute. Section 9.

It is contended that the order appealed from was never made in justice's court, and therefore the constitution does not apply to this proceeding, and it is suggested that

it would be dangerous to hold that this order was not appealable. We presume it is meant thereby to say that unless the constitution can be explained to meet the exigencies of a conspiracy to deprive respondent of her property without compensation or due process of law, the thrift of these people will fail of reward. The jurisdiction of this court does not depend upon any such pretense as this.

This court has heretofore clearly interpreted the constitution in this particular, laying down five decisions. *Eureka City* v. *Wilson*, 15 Utah, 60.

### STATEMENT OF FACTS.

On the 8th day of March, 1895, plaintiff Post brought this action in the justice's court, against the defendants Foote and Cummings, partners, doing business as the Diamond Coal and Coke Company, to recover $254.30, with interest. Summons was served and defendant Foote not answering, her default was duly entered. Defendant Cummings answered. On the 26th day of March following judgment was entered against both defendants for $235 and costs. Thereupon defendant Cummings filed notice and undertaking on appeal to the district court, and appellants Madsen and Jennings signed the undertaking on appeal. Defendant Foote, did not appeal. The case came on for trial in the district court on June 23d, 1897, and thereupon judgment was rendered in favor of the plaintiff and against the defendant for $276.60 and $50.50 costs. It appears from the judgment it was entered against the "defendant." Cummings being the only party appealing. About the 16th of July, 1897, Post assigned the judgment to appellants Jennings and Madsen, who on the 29th day of September following, through their attorney, who had also been the attorney for Cummings, procured an execution thereon to be issued against both defendants, Foot and Cummings. The execution recited the judgment as

against both defendants, instead of against Cummings alone. This execution was levied by attaching 6250 shares of the capital stock of the Diamond Cole and Coke Company, as the property of defendant Foote. This stock had been theretofore adjudged to be the property of defendant Foote, by a decree of the district court in her litigation with Cummings and the Utah Commercial and Savings's Bank, of which Jennings was an officer. No demand for payment was made upon Foote, nor was the notice of sale or the issuing or levying of the execution or sale ever brought to Foot's attention. On the 9th day of December, 1897, appellants, through their attorney, proceeded to make sale of the stock. The sheriff received the execution October 4th, and on the same day levied upon the stock, and gave notice of sale for five days, and on the 9th day of December, sold the 6250 shares of the stock to appellants, through their attorney, for $10.00, which sum less the costs was credited upon the judgment. No notice of this levy or sale was given to Foote or Cummings. The certificates of stock were not present, or in the hands, control, or possession of the officer making the sale. Defendants Foote and Cummings learned of this sale on the 10th day of December and then filed a petition in the district court to vacate and set aside the sale on the ground of inadequacy of consideration paid for the stock, collusion and conspiracy between the assignors and others to defeat the rights of Foote under her decree to said stock, and because no notice or demand was made for the payment of the judgment, etc. It also appears that the stock sold for $10.00, was of the value of from twelve to fifteen thousand dollars, and that the sale was made collusively and in fraud of the rights of the parties. The court made an order vacating and setting aside the sale. From this order this appeal is taken by appellants Madson and Jennings.

After stating the facts, MINER, J., delivered the opinion of the court.

The respondents contend that the appeal should be dismissed because the order appealed from is not a final judgment, and that this court has no jurisdiction of the case. This appeal is from an order made by the district court vacating and setting aside the sale made upon an execution issued by that court upon a judgment rendered therein on an appeal from a justice of the peace.

By Sec. 7, Art. 8, of the Constitution, district courts have original jurisdiction in all matters not excepted in the Constitution. Sec. 9 of Art. 8 provides that, from a final judgment of the district court there shall be a right of appeal to the Supreme Court, and appeals shall also lie from final judgments of justice's of the peace in civil and criminal cases to the district court, on both questions of law and fact, and the decision of the district court on such appeal shall be final, except in cases involving the validity or constitutionality of a statute. By this section, the decision of the district court on appeal of a case from a court of a justice of the peace is expressly made final, the validity or constitutionality of a statute not being involved. But, it is contended that the order appealed from was not made in a justice court but by the district court after appeal and judgment therein. We are of the opinion that the jurisdiction of this court does not depend upon such a contingency.

Sec. 7, referred to, gives the district court original jurisdiction in all matters not excepted in the Constitution, and the jurisdiction is thereby defined.

By Sec. 9, the appellate jurisdiction is declared.. By giving an appeal from all final judgments of the district court is meant "final judgments" entered in cases within the original jurisdiction of the district court, and not to

cases appealed from courts of justices of the peace, unless the constitutionality or validity of a statute is involved in such appeal.

Upon the theory contended for by the appellants, while there is no appeal from a judgment rendered in the district court on appeal from a judgment rendered by a justice of the peace, yet, if an order is made therein after judgment setting aside a fraudulent sale on execution issued upon the judgment, an appellate jurisdiction is created, not by operation of the constitution, but by the acts of the parties or by the court. It seems to us that such a construction of the constitution would in many cases annul its provisions and give interested parties a right of appeal when their rights could be preserved or their remedy made complete without such action.

Whether the order setting aside a sale involves the rights of the parties to the action, or third persons who purchased an interest in the judgment after it was rendered, will not change the rule.

The district court had power to control its process and to set aside the execution sale. Rev. Stat. Sec. 98; *Gray v. Denhalter,* 53 Pac. Rep. 976.

The purchaser at an execution sale being the owner of the judgment by assignment, subjects himself to the jurisdiction of the court in respect to the sale and purchase. *Hall* v. *Clawson,* 60 N. Y. 339, 341; *Cazat* v. *Hubbell,* 36 N. Y. 677; *May* v. *May,* 11 Paige, 201.

When the appellants purchased the stock they purchased it subject to the power and authority of the court to set aside the sale in its discretion upon proper grounds. That the sale was set aside presents no ground for appeal. The execution may be again levied, and the appellants may bid again at the execution sale. There is no vested

18 Utah—16.

right to an appeal. *Eureka City* v. *Wilson*, 15 Utah, 53, 48 Pac. 150; *Gray* v. *Denhalter*, 53 Pac. 976; *No. Point Consol. Irr. Co.* v. *Canal Cos.*' 46 Pac. Rep. 824; *Ogden City* v. *Crossman*, 53 Pac. 985.

The purchasers at the execution sale were assignees of the judgment and the real parties in interest. They were sureties on the appeal bond and manipulated and controlled the sale of the stock. Without giving notice to the parties they sold the property shown to be worth ten thousand dollars and upwards for ten dollars, and themselves became the purchasers.

We are of the opinion that no appeal lies from the order appealed from to the supreme court.

Under the circumstances shown the appeal is dismissed, with costs.

ZANE, C. J. and BARTCH, J., concur.