## OVERLAND GOLD MINING COMPANY AND ASHER BIDDLECOME, APPELLANTS, *v.* ALEXANDER McMASTER, JUSTICE OF THE PEACE, RESPONDENT.

PROMISSORY NOTE— PLACE OF PAYMENT— SEC. 1568, R. S. 1898— ACTION ON— SUMMONS— WHERE SERVED— SEC. 3682, R. S., APPEAL— FROM JUSTICE'S COURT— RIGHT OF GARNISHEE —PROHIBITION— WILL NOT LIE— WHEN. PROHIBITION AGAINST JUSTICE OF THE PEACE— WHEN NO APPEAL.

1. *Promissory Note— Place of Payment— Sec. 1568, R. S.— Action On — Summons — Where Served — Sec. 3682, R. S. 1898.*

Under Sec. 1568, R. S. 1898, a note dated at Salt Lake City, but specifying no place of payment, the maker of which resides

in Salt Lake City at the date of payment, is payable there, the cause of action arises there, the courts of Salt Lake County have jurisdiction of an action to enforce collection of the note, and under Sec. 3682, R. S. 1898, the summons was properly served in another county.

2. *Appeal— From Justice's Court — Right of Garnishee — Prohibition — Will Not Lie — When.*

L. brought an action against B., one of the appellants here, in justice's court, and summons was served April 18. Default judgment was entered June 3 ; October 22 an execution was issued, and the appellant company was garnisheed; November 22 an order was entered requiring the money to be paid over ; November 23 appellants asked to have the judgment set aside ; and November 30 an alternative writ of prohibition was issued. *Held,* that inasmuch as B. had a right to appeal, and under Sec. 3113, R. S. 1898, the garnishee, the appellant company, had also the right to appeal, time for which latter appeal had not expired at the time of application for a writ of prohibition, the appellants had a plain, speedy, and adequate remedy at law, and the proceedings and writ were properly dismissed.

3. *Prohibition Against Justice of the Peace — When No Appeal.*

Where questions are raised in justices' courts which on appeal could be finally determined by a district court, but instead of appealing, a remedy is sought by applying to the district court for a writ of prohibition, the determination of the district court on the question of the writ is final and will not be reviewed by this court on appeal, but the appeal will be dismissed.

(Decided March 29, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Appeal from a final judgment of the District Court refusing to grant a writ of prohibition and dismissing plaintiffs' petition therefor. *Appeal dismissed.*

*Messrs. Pierce, Critchlow, and Barrette,* for appellants.

Did the justice of the peace acquire jurisdiction of the defendant by the service of summons in Tooele County? Summons can be served only in the county. R. S. 1898, Sec. 3682.

We think that this section is so clear and positive that no mistake can be made in the meaning.

If the justice did not get jurisdiction of the person of Asher Biddlecome his judgment was void and the district court should have granted the writ of prohibition.

Judgments are absolutely void on three grounds : 1st, want of jurisdiction over the subject matter; 2d, want of jurisdiction over the parties; 3d, want of power to grant the relief contained in the judgment.    1 Freeman on Judgments (4th ed.), Secs. 116, 117.

The jurisdiction of justices of the peace is limited. Constitution, Art. 8, Sec. 8.    *People* v. *Hills*, 5 Utah, 411.

In denying the writ Judge Cherry held that the cause came within the exception in Sec. 3682: "That summons can not be served out of the county in which the action is commenced * * * except when an action is brought against a party who has contracted to perform an obligation at a particular place and resides in another county." He said he was forced to this position by the position taken by the Supreme Court in the decision in the cases of *Konold* v. *Rio Grande Western*, 51 Pac., 256 ; *Brown* v. *Bach.*, 53 Pac., 991.

We think the judge was wrong in his view. The constitution limited the power of justices of the peace to the jurisdiction they exercised at the time of its adoption. Now, at that time Sec. 3553 of the Compiled Laws of Utah, 1888, was in force.    This section and Sec. 3682 of the Revised Statutes of Utah, 1898, are identical. The exception above quoted only applied to express con-

tracts, because under the law then in force a defendant could be sued in any county where found. Compiled Laws, 1888, Sec. 3537, s. 5.

Our legislature has made it just as easy and just as cheap to sue in the district court as in a justice's court. Keeping in mind that the Constitution makers intended to limit the jurisdiction of justices of the peace as they indicated in Art. VIII, Sec. 8, of the Constitution, it is a fair inference that in cases like the one at bar, it was intended that the suitor should go to the district court instead of the justice's court. This view harmonizes those provisions of the Constitution found in Art. VIII, Sec. 8, and Art. VIII, Sec. 5, construed in the case of *Brown* v. *Bach*, *supra*.

Prohibition is the proper remedy even after judgment where want of jurisdiction is shown upon the face of the papers. This applies to actions before justices of the peace. High on Ex. Leg. Rem. (3d ed.), Secs. 774, 777. *People* v. *House*, 4 Utah, 369 ; Revised Statutes of Utah, Sec. 3655, and cases cited ; *Comstock Clemmens*, 19 Cal., 78 ; Revised Statutes of Utah, 1898, Sec. 3682.

*Messrs. Krebs & Hoppaugh*, for respondent.

Where did the cause of action arise ? Revised Statutes of Utah, 1898, Sec. 1563.

" Place of payment not specified. A negotiable instrument which does not specify a place of payment is payable at the residence or place of business of the maker, or wherever be may be found." Randolph on Commercial Paper, Sec. 33. Tiedeman on Commercial Paper, Sec. 506. Daniel on Negotiable Instruments, Sec. 90. *Blodgett* v. *Durgin*, 32 Vt., 361; *Backhouse* v. *Seldon*, 29 Gratt, 581; *Britton* v. *Niccolls*, 104 U. S., 919 Co-op. Ed., Original Ed., p. 757; *Cox* v. *National Bank*, 100

U. S., 741 Co-op. Ed., Original Ed., p. 731; *Mc Cauley*
v. *Leavitt*, 10 Utah, 91.

Our contention is, that the cause of action arose in
Salt Lake City and county, on the 12th day of May, 1891,
the date when the note fell due.    Art. 8, Sec. 5, Con-
stitution of Utah, provides as follows:

" All civil and criminal business, arising in any county,
must be tried in such county."

This section of the constitution is construed by this
honorable court in the following cases; viz.: *Konold* v.
*Railway Co.* (Utah), 51 Pac., 256; *Brown* v. *Bache*
(Utah), 53 Pac., 991; *London* v. *Liepsiger*, 55 Pac., 82.
No. 2 Advance Sheets Pac. Rep.

The suit could be brought nowhere else than in Salt
Lake County, the place where the cause of action arose.

This case comes within Sec. 3682, R. S. Utah, 1898.

Appellant Overland Gold Mining Company has a plain,
speedy, and adequate remedy at law, by appeal.    Sec.
3113, Revised Statutes of Utah, 1898.

Prohibition is never resorted to where there is a plain,
speedy, and adequate remedy at law.

The very section of the statute 3655 cited by appel-
lant, says:

Prohibition may be issued "in all cases where there
is not a plain, speedy, and adequate remedy in the ordi-
nary course of law."    *Walcott* v. *Wells*, 9 L. R. A., 59;
*Mc Inerney* v. *City of Denver*, 29 Pac., 516; *Belevue
Water Co.* v. *Stockslager*, 43 Pac., 568; *State* v. *Burk-
hartt*, 87 Mo., 553; *State* v. *Eighteenth Dist. Ct. Judge*,
38 La. Ann., 921; *State ex rel. Lasher*, v. *The Municipal
Court of St. Paul*, 2 N. W., 166; *State* v. *District Ct.
Ramsy Co.*, 2 N. W., 698.

This is an attempt by prohibition on the part of appel-
lants to get a justice's court case to the Supreme Court,

which, under the Constitution, and if this appeal is reversed, it will have the effect of avoiding the act of the legislature providing that the district court is the court of last resort, in justices' court cases such as this, and this court will soon become burdened with $29 cases like this from justices' courts.

### STATEMENT OF FACTS.

This is an appeal from a final judgment of the district court in refusing to grant a writ of prohibition, and in dismissing the plaintiff's petition therefor.

The plaintiffs in their petition for a writ of prohibition allege, "that Alexander McMaster is a justice of the peace for the fifth precinct of Salt Lake City, Salt Lake County, Utah; that the Overland Gold Mining Company is a Utah Corporation; that on February 16, 1898, T. E. Laing filed a complaint before said justice against Asher Biddlecome upon a note, of which the following is a copy, to wit:

"'Salt Lake City, April 2, 1891.

"'For value received I promise to pay to William Calton one hundred nineteen and 15–100 ($119.15) dollars, forty (40) days after date.

"'(Signed)                Asher Biddlecome.'

"That the note was assigned to Laing; that summons was served in Mercur Precinct, Tooele County, Utah, April 18, 1898; that said service was the only service made upon Asher Biddlecome; that default judgment was entered against him by the justice on the 3d day of June, 1898; that on October 22, 1898, execution was issued, and that under said execution garnishment was levied upon the Overland Gold Mining Company; that said company answered that it had money in its hands belonging to Asher Biddlecome; that on the 22d day of Novem-

ber, the justice of the peace made an order directing the company to pay said money into court; that on November 23, said company and Asher Biddlecome moved to quash the summons, set aside the judgment, and quash the execution; that on November 28 the justice overruled the motions and was proceeding to enforce the judgment; that the justice was entirely without jurisdiction, because the summons was served in Tooele County."

Upon the filing of the petition, the judge of the district court issued an alternative writ of prohibition, returnable December 10, 1898, which was duly served. The justice of the peace answered, alleging that the judgment was valid, and that the justice's court had jurisdiction of the person of the defendant Biddlecome, and that the note sued upon fell due May 12, 1891, and that on that date, and for a year thereafter, said Biddlecome was a resident of Salt Lake City and county. The court found the allegations in the petition and answer were true, and held that the justice of the peace had jurisdiction of the person of the defendant by service of the summons upon him in Mercur, Tooele County; that the judgment was not void, and that the writ of prohibition should be denied, and dismissed the petition. Plaintiffs appeal from the decree and judgment of the district court.

After stating the facts, *Miner, J.,* delivered the opinion of the court.

1. The question for determination herein is, Did the justice of the peace acquire jurisdiction of the appellants and the subject matter by service of the summons in Tooele County?

Sec. 1563, R. S. 1898, provides that "a negotiable instrument which does not specify a place of payment is payable at the residence or place of business of the maker, or wherever he may be found."

The note in question mentioned no place of payment.

It was therefore payable at the residence or place of business of the maker in Salt Lake City, where Biddlecome resided at the time the note became due, and continued to reside for one year thereafter. *Blodgett* v. *Durgan*, 32 Vt., 361; *Mc Cauley* v. *Leavitt*, 10 Utah, 91; *Brown* v. *Bach*, 53 Pac. Rep., 991, 17 Utah, 435; Randolph on Commercial Paper, Sec. 33; Tiedeman on Commercial Paper, Sec. 506.

Randolph on Commercial Paper, Sec. 33, lays down the rule that the presumption is, that a note, dated at a certain place, is payable there, if no other place of payment is expressed. This cause of action, therefore, arose in Salt Lake City. The contract was made there, and the note was payable there on the 12th day of May, 1891.

Art. 8, Sec. 5, of the Constitution provides that all civil and criminal business arising in any county must be tried in such county. This action was properly brought in Salt Lake County. This question has often been passed upon by this court. *Konold* v. *Rio Grande Wes. Ry Co.*, 16 Utah, 151; *Campbell* v. *Rio Grande Wes. Ry Co.*, 16 Utah, 346; *Deseret Irr. Co.*, v. *Leamington Irr. Co.*, 16 Utah, 398; *Brown* v. *Bach.*, 53 Pac. Rep., 991, 17 Utah, 435; *Condon* v. *Leipsiger*, 53 Pac. Rep., 82, 17 Utah, 498.

The summons issued in this case was served in Mercur, Tooele County.

Sec. 3682, R. S. 1898, among other things, provides:

"The summons can not be served out of the county in which the action was commenced, * * * except when an action is brought against a party who has contracted to perform an obligation at a particular place and resides in a different county, in which case the summons may be served in the county where he resides."

As we have seen, the place of payment of the note was Salt Lake City. The cause of action arose there, and the

action was properly brought in that place. The party who had the contract to perform was required to perform it at Salt Lake City. For its non-performance the cause of action thereon arose in Salt Lake City, that being the place the maker contracted to perform the contract. Therefore, under the statute, the summons was properly served in Tooele County. The plaintiff was required to bring his action in Salt Lake City. If the statute referred to is inoperative, process could not be served out of the County of Salt Lake. The plaintiff would be left with a right, but such right would be absolutely useless to him, because there was no remedy provided for its enforcement. The construction given seems to be reasonable and in conformity with the statute. If a contrary construction should be given, yet Sec. 720, Revised Statutes 1898, might be construed asproviding a means of enforcing a remedy where jurisdiction is given by a statute without providing a remedy. However, it is not deemed necessary to resort to such construction in this case. The section referred to reads as follows: " When jurisdiction is, by statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the statute or of the codes of procedure."

2. The respondent claims that the appeal should be dismissed because the parties had a plain, speedy, and adequate remedy at law by appeal, and we concur in this view. We have seen that the court had jurisdiction over the parties and the subject matter.

Sec. 3655, R. S. 1898, provides that prohibition "may be issued * * * in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." * * *

The summons was served on appellant Biddlecome on the· 18th day of April, 1898. Default judgment was entered against him June 3, 1898. Execution was not issued upon this judgment until the· 22d day of October, 1898, and at the same time garnishment proceedings were served on the appellant mining company, who appeared and answered that it had money in its hands belonging to Biddlecome. On November 22, 1898, an order was made requiring the money to be paid over. On November 23, 1898, appellants asked to have the judgment set aside, and that the garnishment proceedings be quashed. On November 30, the alternative writ of prohibition was issued. Under Sec. 3113, R. S. 1898, the garnishee - could appeal. Biddlecome also had the right to appeal. No appeal was ever taken by either of the parties, although the time for the garnishee to appeal had not expired when this writ was applied for. From the facts shown the justice's court was acting within its jurisdiction, and the appellants had a complete, plain, speedy, and adequate remedy by appeal in the ordinary course of law.

This writ does not lie for grievances which may be redressed in the ordinary course of judicial proceeding by appeal.

Sec. 9, Art. 8, Const., providing that "appeals shall also lie from the final judgments of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute," would be practically annulled if the theory contended for by the appellants should be allowed to prevail. Sec. 3655, R. S. 1898; *Dacheneau* v. *Ireland*, 5 Utah,

108; *Wolcott* v. *Wilson*, 9 L. R. A., 59; *Post* v. *Foote*, 54 Pac. Rep., 975, 18 Utah, 235; *Ogden City* v. *Crossman*, 53 Pac. Rep., 985; 17 Utah, 66; *Belleview Water Co.* v. *Stockslager*, 43 Pac. Rep., 568; *State* v. *Burkhartt*, 87 Mo., 553.

The case of the *People* v. *House*, 4 Utah, 369, relied upon by the appellants, was where the title to land was in question, and the justice's court had no jurisdiction over the subject matter, and is therefore not applicable to this case.    We are of the opinion that the court had jurisdiction of the parties and of the subject-matter involved in the case, and that the appellants had a plain, speedy, and adequate remedy at law by appeal, and that the writ and proceedings were properly dismissed.

3d.  So far we have considered this case on its merits, without reference to the rights of the appellants to bring this case by appeal from a judgment of the district court in dismissing the writ of prohibition directed to a justice of the peace.

Under Sec. 9, Art. 8 of the constitution, above quoted, the decision of the district court on appeal to it from a justice's court is final, except in cases involving the constitutionality or invalidity of a statute.

This case does not come within the exception named in the constitution.

In the case of *Ogden City* v. *Crossman*, 53 Pac. Rep., 985, 17 Utah, 66, and the *City of Eureka* v. *Wilson*, 15 Utah, 55 and 67, this court held that under Sec. 9, Art. 8, of the constitution, an appeal may be had to the supreme court in all cases originating in justices' courts, in which the validity or constitutionality of a statute or ordinance is drawn in question, made an issue and decided by the district court on appeal.    In all other cases brought before justices of the peace, and transferred to the district courts

by appeal, the final judgments of these courts were conclusive.

It is plain that this case could have been appealed to the district court, and had it been so the judgment of that court would have been final, and no appeal would lie from the judgment of the district court to this court therein. It seems equally clear that where the same questions arising in a justice's court are raised, tried, and decided in the district court through a medium of a writ of prohibition, that the decision of the district court thereon is final, and that no appeal lies to this court to review such decision, although it be from a judgment dismissing a writ of prohibition. The parties had their remedy by appeal from the judgment of the justice of the peace. They should not now be entitled to evade the plain provisions of the constitution by assuming a new guise or name, and appearing before this court in the character of appellants from a judgment of the district court in dismissing their writ of prohibition. To permit such a rule would be in effect to allow an appeal to this court from a judgment in a case originally tried before a justice of the peace wherein the validity or constitutionality of a statute was not involved. The district court had final jurisdiction over such matters with which this court should not interfere.

The appeal is dismissed, with costs in favor of the respondent.

BARTCH, C. J., and BASKIN, J., concur.