## SALINA CITY v. LEWIS.

No. 3101. Decided January 24, 1918. On petition for rehearing April 9, 1918. (172 Pac. 286.)

1. INTOXICATING LIQUORS—SALE—ORDINANCES. A city ordinance providing that "no person, by himself, as clerk, * * * shall manufacture, sell, give away * * * any intoxicating liquors * * * shall be deemed guilty of the misdemeanor," is not so void for uncertainty as not to support a prosecution for the sale of intoxicants, since under the liberal construction required by Comp. Laws 1907, section 4052, the phrase "shall be deemed guilty of misdemeanor" must be regarded as nullity.[1] (Page 10.)

2. MUNICIPAL CORPORATIONS—MUNICIPAL ORDINANCES—POSTING. Under Comp. Laws 1907, section 205, as amended by Laws 1911, c. 125, section 1, requiring city ordinances to be published or posted before taking effect, an ordinance prohibiting the sale of intoxicating liquors was valid notwithstanding it was posted by direction of the city council, although no formal resolution therefor had been passed. (Page 12.)

3. CRIMINAL LAW—POSTING OF ORDINANCES—EVIDENCE. The posting of a municipal ordinance may be proved by oral evidence notwithstanding that Comp. Laws of 1907, section 228, provides that a city recorder shall keep a record of the proceeds of the council; a transcript of such record not being exclusive evidence as to the proceedings before the council. (Page 15.)

### ON PETITION FOR REHEARING

4. CRIMINAL LAW—STATUTES—REPEAL—EFFECTS. A defendant, in a prosecution for selling intoxicating liquors in violation of law, tried and convicted in the district court February 27, 1917, on appeal from

[1]*Eureka City* v. *Wilson*, 15 Utah, 53, 48 Pac. 41.

justice court, cannot object that the ordinance under which he was convicted was repealed by Laws 1917, c. 2, where such statute did not become effective until August 1, 1917.[2]   (Page 16.)

Appeal from the District Court of Sevier County, Sixth District; *Hon. H. N. Hayes,* Judge.

Archie J. Lewis was convicted before a justice of the peace of selling intoxicating liquor and from conviction on a trial de novo before a jury, he appeals.

AFFIRMED.

*S. P. Armstrong* for appellant.

*N. J. Bates* and *T. A. Hunt* for respondent.

CORFMAN, J.

Appellant was tried and convicted in the justice's court of Salina City on a complaint charging him with unlawfully selling intoxicating liquors on October 27, 1916, in violation of the provisions of section 227, Revised Ordinances of Salina City, approved October 23, 1913, as amended March 10, 1914, and section 234 of said Revised Ordinances, alleged to be in force in said city.   An appeal was taken to the district court of Sevier county, where an amended complaint was filed and a trial had de novo before a jury which resulted in the defendant again being convicted.   From the judgment entered on the verdict this appeal is taken.

Appellant assails the validity of the original ordinance upon the ground that it was void for uncertainty, and the amendment thereto, not only on the ground that it was void for uncertainty, but that it never became effective because of its not having been published nor posted as provided by law.

Section 227 of the original ordinance complained of as being void for uncertainty is as follows:

"Any person who by himself, his clerk, servant or agent,

---

[2]*Pleasant Grove City* v. *Lindsay,* 41 Utah, 154, 125 Pac. 389.

shall for himself, within Salina City, directly or indirectly, or upon any pretense, or by any device, except as provided in this ordinance, manufacture, sell, exchange, barter, dispense, serve, give away, give in consideration of the purchase of any property, service or in evasion of this ordinance, or keep for sale or solicit, take or accept any order to effect or commit any of the foregoing acts, or for the shipment, service, or delivery of any liquor, contrary to law, ·or own, keep, or be in any way concerned, engaged or employed in owning, or keeping any intoxicating liquor, with intent to authorize or permit the same to be done, shall be deemed guilty of a misdemeanor.''

The amendment to said section 227 complained of by appellant reads:

''No person by himself, his clerk, servant, employee or agent, shall, for himself or any person else directly or indirectly, or upon any pretense or by any device, except as provided in this ordinance, manufacture, sell, exchange, barter, dispense, serve, give away, or give in the consideration of the purchase of any property or of any service or in evasion of this ordinance, or solicit, or take or accept any order for the purchase, sale, shipment, service or delivery of any such liquor, or aid in the delivery or distribution of any intoxicating liquor so ordered or shipped, or own, keep or be in any way concerned, engaged and employed in owning or keeping any intoxicating liquor with intent to violate any of the provisions of this ordinance or authorize or permit the same to be done, shall be deemed guilty of a misdemeanor.''

Section 234 of the said ordinance reads:

''*Violation by any person—Penalty.*—Any person who shall in any way violate any of the provisions of this chapter shall be guilty of an offense and shall be punished by a fine of not less than fifty dollars nor more than two hundred ninety-nine dollars, or by imprisonment for not less than thirty days or more than six months, or by both such fine and imprisonment. If any person shall be convicted a second time for violating any of the provisions of this ordinance such person shall be punished for such second and each subsequent offense by both such fine and imprisonment.''

The first contention made by appellant is that the amended ordinance is void for uncertainty, and the reasons assigned are best stated in the language of the brief, as follows:

"The amended ordinance provides that, 'No person * * * shall be deemed guilty of a misdemeanor. The original ordinance (section 227) was uncertain because it failed to state or specify what sale, whether the sale of intoxicating liquors or other article, was intended to be prohibited; and the amendment to said ordinance is also void for uncertainty because it does not provide what offense a person who sells intoxicating liquor shall be guilty of; the provision being that no person shall be guilty of a misdemeanor. It provides that no person shall sell intoxicating liquor, but is uncertain as to his guilt in case of disobedience."

The interpretation of the trial court of the section now under consideration in his instruction to the jury was in the following language:

"You are instructed that, where the language of an ordinance leads to a manifest contradiction of the apparent purpose of the enactment, a construction may be put upon it which modifies the literal meaning of the words, and that in this case the acts mentioned in said amended ordinance as being forbidden, if done, would be in violation of said ordinance, and would be punishable under said section 234, as above set out; in other words, that the said amendment of section 227 is held to be good, excepting as to the last sentence thereof, which reads 'shall be deemed guilty of a misdemeanor,' which said last-named sentence is to be regarded as a nullity."

Counsel for appellant in his brief argues, and cites many cases in support of his contention, that where a penal ordinance is ambiguous or uncertain, it must be strictly construed. He contends that the ordinance in question, as amended, when properly construed, is to the effect that, "No person * * * shall be deemed guilty of a misdemeanor;" that, while it provides that no person shall sell intoxicating liquor, in case of disobedience, the guilt of the offender cannot be determined from the language of the ordinance.

Keeping in mind that the passage of the ordinance by the council of Salina City was undoubtedly with the intent and purpose of prohibiting the sale of intoxicating liquors within Salina City, and the fixing of a penalty in cases of its violation, in accordance with the charter powers of Salina City and the statutes of the state, we are clearly of the opinion that the trial court did right in holding that section 227 of the ordinance was effective, and that the last sentence, "shall be deemed guilty of a misdemeanor," should be disregarded.

While the rule of the common law was that, where penal ordinances are ambiguous and uncertain, they are to be strictly construed, and that such rule was adhered to in the cases referred to in appellant's brief, yet at the same time, and more especially in this jurisdiction, where the validity of an ordinance is called in question, it becomes the duty of the courts to resolve all reasonable doubts in favor of its validity.

Section 4052 (Penal Code) Comp. Laws Utah 1907, provides:

"The rule of the common law that penal statutes are to be strictly construed has no application to the Revised Statutes. The provisions of the Revised Statutes are to be construed according to the fair import of their terms with a view to effect the objects of the statutes and to promote justice."

While the foregoing rule of construction does not in express terms refer to ordinances of a municipality, yet we think it applies with equal force to the provisions of ordinances. As is said by Mr. McQuillin, in his excellent treatise on the Law of Municipal Corporations (section 810):

"The rules for the construction of state statutes usually apply to the construction of ordinances."

Then again this court has said that the word "statutes" includes "ordinances." *Eureka City* v. *Wilson*, 15 Utah, 53, 48 Pac. 41.

The ordinance in question was created for the public good and in keeping with the charter powers of Salina City and the legislative enactments of the state, and where the manifest objects sought to be attained by its passage can be made valid and operative by eliminating the words the trial court in-

structed the jury to disregard, we are of the unqualified opinion that said court did not commit error in so doing. 28 Cyc. 372; 2 Dillon, Mun. Corp. (5th Ed.), section 674; *Eureka City v. Wilson, supra.*

It is next contended by appellant that the ordinance, as amended by the city council did not become effective 2 by reason of its not having been published nor posted as required by law.

Section 205, as amended by chapter 125, Laws Utah 1911, so far as material here, provides:

"All ordinances, before taking effect, shall be deposited in the office of the city recorder and published at least once in some newspaper published within the city, or if there is no newspaper published in the city, then by posting in three public places therein. * * * The city recorder shall record all ordinances in a book kept for that purpose, together with the affidavits of publication by the publisher, or his agent, or if posted, with the certificates of the due posting thereof; and said book, or a certified copy of the ordinances, under the seal of the city, shall be received as evidence in all courts and places without further proof, or if printed in book or pamphlet form by authority of the board of commissioners or city council, they shall be so received; provided, that in cities of the third class the city council may, at its opinion, order that a certified copy of any ordinance be posted in three public places within the city, and thereafter no further publication shall be deemed necessary."

The Revised Ordinances of Salina City provide that a record of the ordinances shall be kept in accordance with the foregoing statute, and also provide that all ordinances passed by the city council shall be published in some newspaper printed in the city, or posted in three public places in the city, if so provided in the ordinance.

The original ordinance, the ordinance as amended, together with section 234, prescribing the penalty in case of violation thereof, as we have heretofore set forth in full, were all received and admitted in evidence at the trial over the objection of the defendant. The record also shows that the amended or-

dinance, thus offered and received in evidence, and now under consideration, was duly certified by the city recorder of Salina City, under the seal of said city, as having been posted after its passage as required by law. Further, the testimony shows that the ordinance, as amended, was actually posted by the city recorder. The contention, however, is made by appellant that no formal order was made by the city council directing or authorizing the recorder to post the ordinance, and that there-fore the posting thus made was not sufficient to render the ordinance effective. The testimony shows that no record was made by the city recorder of any action taken on the part of the city council directing the posting. However, at the trial the city recorder was produced as a witness for respondent, and testified over the objection of appellant concerning the property as follows:

Redirect:

"Q. State whether or not any order was made by the city council at the time this ordinance was passed, with reference to its being posted or published. A. Yes, sir. (Motion to strike out.) The Court: She may answer whether any order was made or not. A. Yes; there was. I was the clerk, and had the duty of recording the minutes of that meeting. Q. Did you make any record of that order that was made with reference to posting or publishing that ordinance? A. No, sir. Q. What was that order? A. Well, it was brought up that the city was financially embarrassed, and they thought by printing it would be more of a debt than posting. Q. Did they give you directions to post that ordinance? A. Yes, sir."

Cross-examination:

"Q. The only direction that you received, was by some of the council, not taking any action as a council, but simply in-dividually stating to you that you could post those instead of publishing? A. Well, it was agreed by the council that they would be posted instead of printed. Q. There was no motion or resolution authorizing that action? A. No, sir. Q. The records don't show any such? A. No, sir. Q. If there had been any motion put, acting as a board, you would have had that noted in the resolutions of the council, would you? A.

Yes, sir. Q. No vote was taken on it? A. No; I don't know of any vote taken. Q. If there had been a vote taken, and it had been put as a resolution, you would have had that matter in the minutes of the meeting? A. I think so. Q. Is that true? A. Yes, sir. Q. And you have searched in the minutes and everything relating to this ordinance, and find nothing of the kind? A. No, sir. Q. So you would say that there was nothing of that kind done, that is, that the council didn't put any motion and vote upon it for the posting, authorizing you to post those notices? A. Well it was agreed upon. There wasn't any motion made, but it was agreed upon. Q. No motion of any kind, but just informally told you that you could post the notices—some member of the council? A. Well, it was not only one member; it was all the members that were there. Q. There was some one that mentioned that you could just post those notices, and said something about saving the expense of the publishing? A. Yes, sir. Q. That was all that was done in the way of ordering the posting of the ordinance, or the amended ordinance? A. Yes, sir.''

We have no doubt that the statutory requirement that the ordinance must be posted is mandatory, and that an ordinance will not become effective until posted in accordance therewith. However, we cannot agree with the contention of appellant that some formal order or resolution must be made or passed by the city council in order to render the posting of the ordinance effective. The very purpose of the posting of the ordinance, as a matter of course, is to give notice to the public of its passage and that all persons are to observe it as the law and be bound by its provisions. The appellant had that notice, and we think that he may not be heard to say that the exacting formalities he here contends for, not having been complied with, affords him an avenue to escape the penalties sought to be imposed upon him by the trial court as a violator of the ordinance he claims did not become effective because of noncompliance therewith.

Referring to the evidence of the city recorder above set forth, it will readily be seen that the question of publication in a newspaper or by posting in lieu thereof was before the coun-

cil at the time the ordinance passed, and, while no formal resolution was offered and passed, it was made quite apparent from the testimony of the witness that the council fully intended that the posting of the notice was to be done by the recorder, and the recorder as fully understood that she was directed to do so as if the council had formally voted upon and passed a resolution to that effect and had had the same recorded in the minutes of the council meeting. True, the ordinances of Salina City contain an express provision for posting when the ordinance itself so provides, but it does not necessarily follow that because an ordinance when passed does not expressly direct such posting that the council may not otherwise direct the posting in compliance with the statute of this state. So, too, Comp. Laws 1907, section 228, provides that the city recorder shall keep a record of the proceedings of the city council, and that a transcript of such record shall be evidence in all courts, but the statute does not prescribe, and it does not necessarily follow, that such a transcript shall be the only evidence that may be received in a court of law of such proceedings. While the authorities are somewhat in conflict on this question and it is generally held that oral evidence may not be received to contradict the records of a municipal corporation, yet, where there is an entire omission of the facts in the record, upon the very best authority, the rule seems to be otherwise. McQuillin, Mun. Ordinances, section 130; Dillon, Mun. Corporations (5th Ed.), section 557. These textwriters are practically agreed that a distinction exists between evidence offered to contradict facts stated in the record and to show facts omitted therefrom. The rule is stated by Mr. Dillon thus:

"But a distinction has sometimes been drawn between evidence to contradict facts stated on the record and evidence to show facts omitted to be stated upon the record. Parol evidence of the latter kind is receivable unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence. Thus in a well-considered case in the Supreme Court of the United States it was held that the acts of a corporation might be proved otherwise than by its records or some written document, even although it was its duty 'to keep a fair and regular record of its proceedings.' The statute did not prescribe that nothing but a recorded vote or written document should

bind the corporation or be received as evidence. Such written evidence was not deemed indispensable unless positively required. The direction to keep a record was regarded as directory.''

Again, the author McQuillin (section 115, *supra*), in speaking of the rules for conducting the business of city councils, takes occasion to say:

''In reference to the action of the county boards the Supreme Court of Wisconsin has tersely observed: 'It will not do to apply to the orders and resolutions of such bodies nice verbal criticism and strict parliamentary distinctions, because the business is transacted generally by plain men not familiar with parliamentary law. Therefore their proceedings must be liberally construed in order to get at the real intent and meaning of the body.' In like manner liberal construction is often applied to the action of councils in enacting ordinances.''

We have heretofore taken occasion to say that the action of the city council of Salina City in seeking to pass the ordinance in question was in keeping with the charter powers of the city and the general trend of legislation within this state for many years. Their good faith and motives must be conceded.

We have failed to perceive, after due and careful consideration of all the questions raised by appellant on this appeal, wherein the trial court erred in upholding the ordinance and the conviction of the appellant under it a proper one.

The judgment of the trial court is therefore affirmed; respondent to recover its costs for printing the brief on appeal to this court.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.

On Petition for Rehearing.

CORFMAN, J.

Counsel for appellant has filed a petition for a rehearing in which it is urged that this court is in error in affirming the judgment of the district court. The writer and all his Associates, after a careful consideration of the questions involved on this appeal, for the reasons stated in the original opinion, agreed that the judgment of the trial court should be sustained. We are still of that opinion. It

would subserve no good purpose to again review all the questions we have once decided. However, the contention is now made by appellant that under this court's ruling in the case of *Pleasant Grove City* v. *Lindsay*, 41 Utah, 154, 125 Pac. 389, appellant's conviction was had under a repealed ordinance.

In the Lindsay Case this court held that by the provisions of chapter 106, Sess. Laws 1911, which became effective May 9, 1911, the ordinance of Pleasant Grove City was repealed by implication, and the conviction of Lindsay in the district court of Utah County, on appeal from the municipal court of Pleasant Grove City, after the provisions of chapter 106 had become effective, was an erroneous conviction under a repealed ordinance, and therefore void.

In the case at bar the ordinance of Salina City under which appellant was tried was in full force and effect October 27, 1916, the time his conviction was had in the justice's court of Salina City. Appellant took an appeal to the district court, and was there tried and convicted on the 27th day of February, 1917.

In the Lindsay Case this court took occasion to say:

"If, however, chapter 106 had not gone into effect until after judgment was entered in the district court, this court could not reverse upon the sole ground that the ordinance was repealed by Chapter 106, for the reason that the district court would then have been the court of last resort, and, the ordinance being in effect when the judgment was entered, the judgment could not be assailed because the ordinance was repealed after judgment"—citing 1 Lewis' Sutherland, Stat. Const. (2d Ed.), section 286.

Therefore, conceding for argument's sake only that the provisions of chapter 2 of the Laws of Utah of 1917 repealed the ordinances of Salina City under which appellant was tried and convicted in the justice court on October 27, 1916, chapter 2 of Laws 1917 did not become effective until August 1, 1917, after appellant was convicted in the district court, and the rule contended for here by appellant has no application.

The petition for rehearing is denied.


FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.