EVANS, Respondent, v. KING, et al, Appellants.

(230 N. W. 848.)

(File No. 6998. Opinion filed May 20, 1930.)

*Geo. A. Buffington,* of Dallas, for Appellants.

*W. J. Hooper* and *O. E. Ford,* both of Gregory, for Respondent.

BROWN, P. J. Ordinance No. 63 of the city of Dallas provided that no person should move any buildings on or across any street or alley of the city without first procuring a permit in writing therefor from the governing body of the city signed by the

mayor and city auditor, and that before issuing any such permit a bond in the sum of $1,000 should be given by the applicant conditioned for the payment of all damages caused by such moving.

Plaintiff made proper application for a permit to move a house and other buildings over and across streets and alleys of the city and gave the required bond, but the city authorities refused to grant a permit. Plaintiff then applied for a writ of mandamus to compel the issuance of such permit. Defendant answered, alleging that the buildings sought to be removed were so situated that they could not be taken without damaging sidewalks, cutting down trees in the parking, destroying electric light wires and equipment and impairing service of light and power, and that it was the best judgment of the city council that the permit should not be granted. At the conclusion of plaintiff's evidence defendant called a witness to prove the allegations set up in the answer. Plaintiff objected to any evidence being given by the defendants for that purpose as being "incompetent, irrelevant, and immaterial." The court sustained the objection, to which deefndant excepted, and thereupon judgment awarding the peremptory writ of mandamus was entered commanding defendants to issue a permit for the removal of plaintiff's buildings through the streets of the city, from which judgment defendants appeal and assign as error the ruling of the court sustaining plaintiff's objection to the introduction of any testimony to prove the allegations of the answer.

Moving buildings across or along a city street is not an ordinary use of the street, and the privilege of so using the streets cannot be claimed as a matter of right, 44 C. J. 1038, City of Eureka v. Wilson, 15 Utah, 53, 48 P. 41; Edison El. L. & P. Co. v. Blomquist (C. C.) 185 F. 615. In a small city or town where the streets are not crowded by traffic to any great extent, the use of the streets for moving buildings may be properly exercised under reasonable regulations, and to totally forbid such use in such communities may well be deemed unreasonable, and in a proper case the city authorities may be compelled by mandamus to issue a permit for the moving of buildings across or along the streets in such places. But such use of the streets not being a matter of right, the governing body has some discretion in regard to when a permit shall be issued. The answer in the instant case alleges that the plaintiff's building cannot be moved across or over

the streets without damaging sidewalks and cutting down trees planted by the city in the parking, and not only would it cause damage to the property of the city, but would destroy the electric light wires and equipment, and impair the service of light and power. The court refused to permit any evidence in support of these allegations, apparently on the theory that plaintiff had an absolute right to the use of the streets for the purpose of moving his buildings over and along them. In this we think the court erred. It may be that the refusal to issue a permit was arbitrary and not warranted in the exercise of a reasonable discretion, but that was a matter to be established by proof if it existed, and the refusal to admit any evidence in support of the answer prevents any finding as to whether the refusal was unreasonable and arbitrary or was justified in the exercise of a reasonable discretion. Respondent in his argument asserts that this court cannot consider appellant's assignment of error on this point because there is no statement of the case or settled record, but assertion in argument cannot take the place of statement in the abstract, as we have repeatedly pointed out. Karlen v. Trebble, 45 S. D. 570, 189 N. W. 519; Farmers' & Merchants' Bank v. Doering, 53 S. D. 508, 221 N. W. 373.

The judgment appealed from is reversed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, J., disqualified and not sitting.