# SULLIVAN v. DISTRICT COURT OF SUMMIT COUNTY et al.

No. 4257.   Decided June 8, 1925.   (237 P. 516.)

1. MANDAMUS—NOTICE OF APPEAL AND AFFIDAVITS TENDING TO SHOW SERVICE OF NOTICE, IN PROSECUTION FOR VIOLATION OF ORDINANCE, NOT CONSIDERED. Notice of appeal and affidavits tending to show service of notice, in prosecution for violation of an ordinance, filed after district court filed its order dismissing appeal, and notice and affidavits not appearing to have been filed in district court or in office of justice of peace where prosecution emanated, could not be considered in mandamus proceeding, where not filed until after such proceeding was commenced.

2. CRIMINAL LAW—TIME WITHIN WHICH AN APPEAL MUST BE TAKEN IS JURISDICTIONAL. Time within which an appeal must be taken is jurisdictional.

3. CRIMINAL LAW—PROCESS TO INVOKE JURISDICTION ON APPEAL MUST BE SERVED OR SERVICE WAIVED. As taking of an appeal is process by which party seeks to invoke jurisdiction of appellate court, process must be served or service waived, and service must necessarily be on party sought to be brought within jurisdiction.

4. CRIMINAL LAW—STATUTE REQUIRES NOTICE OF APPEAL TO BE SERVED WITHIN TIME STIPULATED UNLESS WAIVED. Comp. Laws 1917, § 9455, requiring appeals in criminal cases from a justice of the peace to be taken within 30 days from rendition of judgment, requires notice of appeal to be served, unless waived within time stipulated, on party against whom jurisdiction is invoked.

5. MUNICIPAL CORPORATIONS—THAT ATTORNEY REPRESENTING CITY IN PROSECUTION FOR VIOLATION OF ORDINANCE WAS NOT CITY ATTORNEY BY ELECTION OR APPOINTMENT HELD IMMATERIAL. That attorney representing city in criminal prosecution for violation of an ordinance was not its city attorney, either by election or appointment, held immaterial, in view of Comp. Laws 1917, § 596, providing that attorney for city may appear in district court in cases of appeal.

6. CRIMINAL LAW—COMMON KNOWLEDGE THAT MANY OF SMALLER CITIES DO NOT HAVE REGULAR CITY ATTORNEYS. It is common knowledge that many of smaller cities of the state do not have

regular city attorneys, but employ attorneys only when legal
service is required.

7.  MUNICIPAL CORPORATIONS—APPEAL FROM CONVICTION FOR VIOLA-
    TION OF ORDINANCE DISMISSED.  Appeal from conviction for vio-
    lation of a city ordinance should be dismissed, in view of Comp.
    Laws 1917, §§ 596, 630, 631, 9455-9457, 9460, where there was
    no service of notice of appeal on county attorney, and no proof
    of service on attorney for city until long after appeal was
    dismissed by district court.

8.  CRIMINAL LAW—SERVICE OF NOTICE OF APPEAL FROM JUDGMENTS
    OF CITY OR TOWN COURTS SHOULD BE MADE ON ATTORNEY FOR
    ADVERSE PARTY OR ON PARTY HIMSELF.  Comp. Laws 1917, § 631,
    providing that appeals from judgments of city or town courts
    shall be taken in manner provided by law for appeals from
    justices' courts in similar cases, requires service of notice of
    appeal to be made on attorney for adverse party or on party
    himself if he is not represented by an attorney.

9.  MUNICIPAL CORPORATIONS—SERVICE OF NOTICE OF APPEAL, IN
    PROSECUTION FOR VIOLATION OF ORDINANCE, SHOULD BE MADE ON
    ATTORNEY FOR CITY OR ON MAYOR OR CITY RECORDER.  Service of
    notice of appeal, in criminal prosecution for violation of an
    ordinance, should have been made on attorney for city in the
    cause, in view of Comp. Laws 1917, § 631, or, if impracticable,
    then on mayor or city recorder, as provided in section 6548.

Application for writ of mandate by Patrick Sullivan
against the District Court of Summit County, *Hon. L. B.
Wight,* Judge, and another.

WRIT DENIED.

*Frank B. Scott,* of Salt Lake City, for plaintiff.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake
City, for defendants.

THURMAN, J.

On the 2d day of August, 1924, plaintiff herein was con-
victed, in the city court of Park City, Summit county, Utah,
of the offense of resisting an officer in the discharge of his

duty, in violation of an ordinance of said city. Judgment
of conviction was duly entered, imposing a fine of $275,
or imprisonment in jail for a period of 3 months. Wil-
lard Hanson, attorney at law, represented the city in the
trial of the case. On August 4, 1924, notice of appeal to
the district court of Summit county from said judgment was
filed in the office of the justice of the peace who tried the
case. No service of the notice was made on the county at-
torney of Summit county, nor was there any proof filed of
service upon the attorney for the plaintiff in the case, or
upon any other representative of the city.

In this condition of the case, on September 13, 1924, Wil-
lard Hanson, as attorney for Park City, filed and served
notice in the district court to dismiss the appeal upon the
records of the court and affidavits to be filed. The affidavits
were thereafter filed to the effect that no notice of the appeal
was served on Willard Hanson at his office on August 4th,
as claimed by plaintiff herein; that, if said notice had been
so served, affiants, who were in the office during that day,
would have had knowledge of the fact. There were two affi-
davits to that effect—one by Willard Hanson, and the other
by A. H. Hougaard, an employé in Hanson's office. These
affidavits were met by the counter affidavit of the attorney
for plaintiff, who averred that Park City did not, at the
time of the trial, have any regular attorney appointed or
elected, and that Willard Hanson was not the regular city
attorney of Park City.

Such was the status of the case and the condition of the
record when the cause was submitted to the defendant judge
for decision. On January 6, 1925, defendant ordered that
the appeal be dismissed.

On March 20, 1925, three months after the order of the
district court dismissing the appeal, plaintiff herein again
filed notice of appeal in the office of the justice of the peace,
and supported the same by affidavit of the stenographer of
plaintiff's attorney to the effect that on the 4th day of August,
1924, she personally made service of the notice on Willard
Hanson by leaving a true copy thereof in a conspicuous place

Mandamus

in his office in the Kearns building, Salt Lake City, Utah, there not being at the time any person in said office. The attorney for plaintiff herein also made affidavit that he instructed his stenographer to make said service at the time and place aforesaid, and states upon his information and belief that such notice was in fact made.

The notice of appeal and affidavits tending to show service of notice, filed after the district court filed its order dismissing the appeal, do not appear to have been filed in the district court at all, and were not even filed in the office of the justice of the peace until after this action was commenced, to wit, March 11, 1925. The contents of such papers, therefore, cannot be considered in this proceeding.

The contention of plaintiff is stated by his attorney as follows:

"The notice of appeal was not directed to the county attorney, as the county attorney was not interested in the case, nor was it directed to the city attorney, as Park City has not a city attorney, nor was it directed to the temporary attorney representing Park City, Willard Hanson. The notice of appeal, however, was in fact served by Twila Rice, stenographer of Frank B. Scott, by leaving a copy in the office of Willard Hanson. In the motion to dismiss made in the district court plaintiff relied on the contention that the service of the notice on the county attorney was not jurisdictional, and did not file any proof of service of the notice on Willard Hanson. At the time of the making of this application for a writ of mandate, plaintiff filed with the acting city justice, Jim Don, of Park City, a proof of service of the notice of appeal on Willard Hanson, sworn to by Twila Rice, showing such service to have been made on or about the date of the filing of the notice of appeal. The city justice was instructed to forward the same with the other papers when forwarded to this court."

A solution of the question presented here involves the necessity of making brief reference to several sections of the statutes, which we will endeavor to do by stating their effect, as far as material, without quoting them at length. Compiled Laws 1917, § 630, confers exclusive, original jurisdiction upon city or town justices of the peace in cases arising under the ordinances of such city or town, and also confers upon

such city courts the same power and jurisdiction in all other cases as that exercised by justices of the peace.

Section 631 adopts, for city and town courts, the practice and procedure prescribed by law for justices' courts, except as therein otherwise provided. It also provides that appeals from city or town courts may be taken to the district court in the manner provided by law for appeals from justices' courts in similar cases.

Section 596 provides that, when an appeal is taken from a city court to the district court, it shall be the duty of the attorney for such city to appear and prosecute said action in the district court.

The sections above referred to are the only provisions in the statutes relating to city courts that are material to a decision of the question presented.

Referring to the statutes relating to justices of the peace, and the mode of procedure adopted for said courts, we find the following: Section 9455 provides that in a criminal case before a justice of the peace the defendant may appeal at any time within 30 days from the rendition of the judgment. Section 9456 provides: "The appeal shall be taken by giving notice and by filing an undertaking." Section 9457 provides that the notice shall be filed with the justice and a copy thereof served on the county attorney. Section 9460 provides that an appeal may be dismissed for failure to take the appeal in time.

Plaintiff's contention seems to be that service of the notice of appeal is not jurisdictional, but the time within which an appeal must be taken is undoubtedly jurisdictional. The taking of an appeal is the process by which the party seeks to invoke the jurisdiction of the appellate court. **2-4** Process to invoke the jurisdiction of a court must be served, or service waived, and the service must necessarily be upon the party sought to be brought within the jurisdiction. These propositions are elementary. Hence we conclude that when the statute requires that an appeal must be taken within 30 days, it follows as a necessary corollary that it must be served, unless waived, within that time, on the

party against whom the jurisdiction is invoked; otherwise it cannot be said that an appeal has been taken.

But it is also contended by plaintiff that Hanson was not the city attorney of Park City, either by election or appointment. The point is exceedingly hypercritical. The Legislature, however, may have had that point in mind when it enacted section 596, supra, for, in providing who should appear in the district court in cases of appeal, instead of saying the "city attorney," it said "the attorney for the city." A further reason, perhaps, for the term employed is the fact that it is a matter of common knowledge that many of the smaller cities of the state do not have regular city attorneys. They employ attorneys only when legal service is required.

In this case there was no service whatever on the county attorney, as provided in section 9457, supra, and no proof of service on Willard Hanson, the attorney for the city, until long after the appeal was dismissed by the district court. It necessarily follows, in any event, that the writ prayed for should be denied.

What has been said disposes of the case as far as the parties to the action are concerned, but there is another question within the issues raised and discussed which should not be left in doubt; otherwise similar confusion and misapprehension may arise in future cases resulting in needless litigation.

On whom should notice of appeal be served where the defendant appeals from the judgment of a city or town court? In conformity with the views already expressed the service should be made upon the party against whom appellate jurisdiction is sought to be invoked. It is true that section 631 provides that appeals from city or town courts shall be taken in the manner provided by law for appeals from justices' courts in similar cases. Appeals from justices' courts are taken, as far as notice is concerned, by service on the county attorney, because, and only because, the county attorney represents the state, which is the adverse party. Hence we conclude that, when the Legislature provided that appeals from the judgments of city or town courts

must be taken in the manner provided by law for appeals from justices' courts in similar cases, the manifest intention was that service of the notice should be made upon the attorney for the adverse party, or upon the party himself, in case he was not represented by an attorney. This, it appears to the court, is the true interpretation of the statute.

Applying the rule to the instant case, service should have been made upon Willard Hanson, attorney for Park City in the cause, or, if impracticable to serve the attorney, then upon the mayor or city recorder, as provided in Comp. Laws 1917, § 6548, providing for service of summons.

The writ prayed for is denied, at plaintiff's cost.

GIDEON, C. J., and CHERRY, FRICK, and STRAUP, JJ., concur.