**STATE of Utah, Plaintiff and Respondent,**

v.

**J. A. HENDRIKSEN, Defendant and Appellant.**

**No. 14222.**

Supreme Court of Utah.

Feb. 27, 1976.

Edward J. McDonough of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., William R. Hyde, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant appeals from an order of the district court dismissing his appeal to that court of a verdict, sentence and judgment entered in a justice of the peace court on May 15, 1975. The partial record indicates that at the time of the sentence, the defendant filed his notice of appeal and paid into court the sum of $600 as an undertaking on appeal. It does not appear that a copy of the notice of appeal was served on the county attorney of Salt Lake County. The record does show that the county attorney had knowledge of the appeal and that a deputy from the county attorney's office was present at the time and place fixed for the arraignment of the defendant in the district court. The district court was of the opinion that it had not acquired jurisdiction by reason of the defective service and dismissed the defendant's appeal and remanded the case to the court of the justice of the peace.

The defendant appeals here from the order of the district court dismissing his appeal. Section 77–57–39 U.C.A.1953, sets out the manner in which an appeal may be taken from a justice of the peace court to the district court and Section 77–57–40 states: "Notice of appeal shall be filed with the justice, and a copy thereof shall be served on the county or prosecuting attorney." This court in the case of *Sullivan v. District Court* [1] dealt with the construction of the statute in the following language:

These propositions are elementary. Hence we conclude that when the statute requires that an appeal must be taken within 30 days, it follows as a necessary corollary that it must be served, *unless waived,* within that time, on the party against whom the jurisdiction is invoked; otherwise it cannot be said that

1. 65 Utah 400, 237 P. 516.

an appeal has been taken. [Emphasis added.]

The appearance in the district court of the deputy county attorney at the time and place for the arraignment of the defendant was a sufficient waiver of the service of a copy of the notice of appeal.

This matter is remanded to the district with instructions to reinstate the defendant's appeal.

MAUGHAN, J., concurs.

HENRIOD, Chief Justice (concurring).

I concur since I am of the opinion that Article VIII, Section 9 of the Utah State Constitution applies to or should apply to cases that are *heard* on the merits by the district court, as in *State v. Sheldon*,[1] cited in the dissent, that involved a trial de novo, as distinguished from a case that is *rejected*, before and irrespective of any hearing, strictly on jurisdictional grounds, as was the case in *Sullivan v. District Court*,[2] which enunciated the principle that under then existing statutes,[3] two processes were necessary to confer jurisdiction on the District Court, irrespective of its authority to *adjudicate* the case on its merits. These two processes were: 1) Filing notice of appeal with the Justice or City Court, as the case might be, and 2) *serving a copy* thereof on the prosecutor (adverse party).[4] But the Sullivan case is not this case. This case has the element of *waiver* of service of the notice of appeal on the prosecutor. The *waiver* that prevents the invocation of jurisdictional absolutism, conclusively seems to have been demonstrated in the instant case, since the prosecutor showed up at the date and time for the arraignment hearing,—and it would be completely unrealistic to believe that there had been no waiver of the service of the notice of appeal. Such waiver relieves No. 2) above from the jurisdictional aspect of this case, reserving only No. 1),—the filing of the notice of appeal within 30 days as the only impediment to assumption of jurisdiction,—which notice of appeal concededly and timely was filed here.

Under such circumstances there appears to have been no legitimate reason to have denied the appellant access to the office of the District Court,—and having denied him that right and as corollary thereto, it was not the appellant who should have been bound and frustrated by the Constitution but the Judiciary that denied him a right he had and which the Judiciary assumed he did not possess. All of which: In my opinion, should require us to concur in the mandate of the majority opinion's remand.

CROCKETT, Justice (concurring in the result).

This court should disregard verbiage and entitlements and should both regard and treat this proceeding in this court according to its true character. That is, not as an appeal, but as an application to mandamus the district court to take jurisdiction, go forward with appropriate proceedings, and render its judgment thereon.

The defendant timely filed his notice of appeal to the district court. This is the jurisdictional requirement. The other step, of serving the notice upon the county attorney, though admittedly an essential to proper procedure, should not be regarded as jurisdictional, nor as something that cannot be waived. Consistent with the idea of favoring hearing and determination of causes on the merits, I join in the result of remanding to the district court for that purpose.

ELLETT, Justice (dissenting).

This is an appeal from a judgment of the district court remanding a case to the justice court for execution of sentence.

---

1. This Court, 545 P.2d 513 (Utah 1976).
2. 65 Utah 400, 237 P. 516 (1925).
3. Comp.Laws 1917, Sections 9467 et seq., like the present code provisions.
4. Unlike ordinary rules making, for example, the date of filing of the notice of appeal jurisdictional, but that of the designation of record, for instance, discretionarily forgivable.

When a matter is appealed from a justice court to the district court the rulings made by the latter court are final in all matters except as to constitutional questions.[1]

No constitutional question is involved in this appeal and the ruling of the district court is therefore final and under the constitutional provision above cited no appeal lies to the Supreme Court.[2]

I therefore would dismiss this appeal.

1. Utah Constitution, Article VIII, Section 9.

2. *State v. Sheldon,* 545 P.2d 513 (Utah 1976).