STATE of Utah, Plaintiff and Respondent,

v.

Walter Preston BOGGESS, Jr., Defendant and Appellant.

No. 16232.

Supreme Court of Utah.

Oct. 16, 1979.

---

4. Supra, note 1.

5. Supra, note 3.

Dave P. White, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Appeal from a conviction of manslaughter in violation of U.C.A., 1953, 76–5–205.

Defendant and his wife, Tammy Boggess, the victim of the crime herein appealed, were residents of Vernal, Utah. On March 2, 1978, defendant and his wife had been engaged in a minor dispute regarding family finances. Defendant's sister, Florence Sue Spin, had visited the Boggess home on two occasions during the day, once to accompany Mrs. Boggess to a laundromat, and once to deliver certain grocery items. On one of these visits, she noticed a .44 magnum caliber revolver on the kitchen table. Mrs. Spin opened the chamber of the revolver, removed the ammunition (two bullets) therefrom, and set them aside.

Later in the day, Mrs. Boggess was in the kitchen, preparing a birthday cake for their son, Andrew. Defendant, while sitting in the kitchen with his wife, inspected the firing chamber of the revolver and asked what had been done with the ammunition. Mrs. Boggess handed defendant the two bullets which had been removed. Defendant then began loading and unloading the revolver in a distracted fashion, while continuing to speak to his wife. There was evidence that defendant had smoked a large quantity of marijuana, although the exact amount is uncertain. At one point, Mrs.

Boggess requested that defendant put the revolver down. Defendant assured his wife that the revolver was unloaded. Apparently to so demonstrate, defendant began to "fan" the revolver indiscriminately around the room. The revolver discharged, the bullet striking Mrs. Boggess in the chest, passing through her body and lodging in the wall behind. Defendant immediately called the police, who arrived shortly, accompanied by emergency medical personnel. Mrs. Boggess was transported to the Uintah County Hospital, and later to the intensive care unit of the L.D.S. Hospital in Salt Lake City, where she later died from the wound she had received.

Defendant underwent extensive interrogation in connection with the shooting, wherein he admitted having fired the weapon, but claimed to have done so by mistake.

Defendant was charged, on information, with second degree murder.[1] The matter came to trial on May 18, 1978, the court having appointed counsel for defendant. Defense counsel pursued an alternative theory of manslaughter[2] in the action, which culminated in a jury verdict in accordance therewith. On June 19, 1978, defendant was sentenced to imprisonment in the Utah State Prison for a period of one to fifteen years. A notice of appeal was subsequently filed on January 3, 1979.

On appeal, defendant claims error on several points. We are precluded from addressing the merits of defendant's contentions due to his failure to properly invoke this Court's jurisdiction.

U.C.A., 1953, 77–39–5, provides in pertinent part as follows:

All appeals in criminal cases must be taken within one month after the entry of the judgment appealed from . . . .

The judgment in the instant case was entered on June 19, 1978, and the notice of appeal was not filed until January 3, 1979, some six and one-half months later. Because the time within which an appeal must

---

1. U.C.A., 1953, 76–5–203(1).

2. U.C.A., 1953, 76–5–205.

be taken is jurisdictional,[3] this case therefore is not properly before us.

In defendant's brief on appeal, it is alleged that defendant "obtained permission to file this appeal by writ of habeas corpus granted December 29, 1978" by the district court. The record contains no mention of said proceeding. In any event, habeas corpus can neither be used as a substitute for an appeal[4] nor can it extend the statutory time allotted for filing an appeal.

The appeal is therefore dismissed.

CROCKETT, C. J., and WILKINS, MAUGHAN and STEWART, JJ., concur.

---

3. *Sullivan v. District Court of Summit County,* 65 Utah 400, 237 P. 516 (1925).

4. *Brown v. Turner,* 21 Utah 2d 96, 440 P.2d 968 (1968); *Bryant v. Turner,* 19 Utah 2d 284, 431 P.2d 121 (1967). No. 16232.